ORDER (Granting Motion for Reconsideration) (Reissued)
This matter came before the Ho-Chunk Nation Supreme Court telephonically via conference call on Friday, November 8, 2013. The full Court considered Appel-lee’s Motion for Reconsideration filed on October 25, 2013. An order was issued promptly on November 13, 2013. However, due to the absence of a full-time Supreme Court Clerk, the earlier order was not filed upon receipt. As such, the Court reissues this Order (Granting Motion for Reconsideration) [1]. The Appellee sought reconsideration of this Court’s October 16, 2013 Judgment (Accepting Appeal & Scheduling Order; Denying Appeal), SU 13-07 (HCN S.Ct., Oct. 16, 2013) which denied Appellee’s Notice of Appeal, submitted on October 9, 2013. Further, Ap-pellee previously attempted interlocutory appeal which was denied due to procedural deficiency. Order Denying Appeal (Interlocutory Appeal), SU 13-03 (HCN S.Ct., May 15, 2013) at 2.
*107 In Cheryl Smith v, Ho-Chunk Nation and Rainbow Casino, the Court held that motions for reconsideration are discretionary decisions. Order (Denying Mot. for Reconsideration), SU 00-07 (HCN S.Ct, July 17, 2000) at 2. A Motion to Reconsider will be accepted “.... only in rare situations where there is a glaring problem as a technical oversight or misstatement by the Court.” Order Denying Motion to Reconsider, SU 01-02 (HCN S.Ct., June 15, 2001) at 2 citing Louella Kelty v. Janette Pettibone et al., SU 99-02 (HCN S.Ct., Sept. 24, 1999) at 2.
In the instant case, both parties filed an appeal within one day of each other.[2] The Court granted the Notice of Appeal of Appellant but denied the Notice of Appeal filed by Appellee due to procedural deficiency. The language in the Notice of Appeal filed by Appellee suggested an appeal from the Summary Judgment Order in this case which was issued April 15, 2013. The right of appeal is governed by Ho-Chunk Rules of Appellate Procedure, Rule 7, which states:
Rule 7. Right of Appeal
a. All parties have the right to appeal a final judgment or order of the Trial Court. Any party to a civil action, who is aggrieved by a final judgment or order of the Trial Court, may appeal to the Supreme Court.
b. Any party who is aggrieved by a final judgment or order of the Trial Court may appeal in the manner prescribed by this Rule.
(1) Such party shall final with the Clerk of Court a Notice of Appeal from such judgment or order, together with the filing fee as stated in the appendix or schedule of fees, within sixty (60) calendar days after the day such judgment or order was rendered, [emphasis added ]
Furthermore, Rule 11(a) of the Ho-Chunk Rules of Appellate Procedure clearly states the requirements of the Notice of Appeal.
Rule 11. Time For Filing and Service of Notice of Appeal
(a) A written Notice of Appeal from a final decision of the Trial Court must be filed with the Clerk of Court within sixty (60) calendar days of the date of the final judgment or order. The Notice of Appeal shall identify the party/parties making the appeal by name and address and shall identify the final judgment or order being appeal by name and case number, [emphasis added ].
The Notice of Appeal filed by Appellee lacked precision regarding the specific order it was appealing. The introduction suggests appeal regarding only the Summary Judgment Order dated April 15, 2013, well after the proscribed time limit and triggering application of Ho-Chunk Rule of Appellate Procedure Rule 8. Despite Appellee’s own citing of the applicable rules here, Appellee failed to reference the final order or date of final order as per Rule 7 and Rule 11(a) and states:
Pursuant to Ho-Chunk Nation Rules of Appellate Procedure 7 and 11, Appellant *108 Ho-Chunk Nation (“Nation”) hereby notifies the Supreme Court and Appellees Money Centers of America, Inc. and MCA of Wisconsin, Inc. (“MCA”) that it will appeal a portion of the Trial Court’s Order (Denying Motions for Summary Judgment), CV 10-54 (HCN Tr. Ct. Apr. 15, 2013) (the “Summary Judgment Order”) in the above-captioned matter. A true and correct copy of the Summary Judgment Order is attached hereto as Exhibit A. Notice of Appeal, SU 13-07 (HCN S.Ct. Oct. 9, 2013) at page 1 [emphasis added].
This Notice of Appeal is simply imprecise in its writing. It fails to reference a final order or judgment or date of final judgment and focuses specifically on the Summary Judgment Order with a provided date of April 15, 2013. While it did include the September 9, 2013 Judgment as Exhibit B in the Notice of Appeal, the Court could not be expected to assume the appeal regarded the final judgment based on the introductory language where Appellee itself even referenced the applicable rules. However, the Court observes Appellee did reference the final order in the section entitled “Procedural History” of its submitted Notice of Appeal in addition to including it as Exhibit B.[3]
Furthermore, it is noteworthy that Ap-pellee’s Motion for Reconsideration argues that Appellant MCA seeks to appeal the same Summary Judgment Order. This comparison is inaccurate. The clear contrast from the MCA Notice of Appeal exists in that Appellant MCA clearly identifies an appeal of the final judgment based on pre-trial rulings with reference to the final judgment and includes a date of final judgment;[4] it is not merely recounted as part of the procedural history.
It is the obligation of this Court to fairly and impartially decide those matters which come before it. Order (Denying Mot. for Reconsideration and Denying Request for Stay of Proceedings), SU 03-06 (HCN S.Ct, Sept. 11, 2003) at 6. The Court has previously stated that its preference to accept appeals after the Trial Court has fully considered and disposed of all of the issues based on the facts of the case. Id. at 5. In the instant matter, Appellee was denied the opportunity to file interlocutory appeal based on a procedural deficiency. Then, its attempt to appeal the final judgment was denied based on Rule 8, stemming from the language Appellee used in its Notice of Appeal. Appellee argues in its Motion for Reconsideration that it appeals the final judgment, citing Rules 7 and 11.
*109 Upon review, the Court deems this matter constitutes a rare situation justifying reconsideration. The Court has concluded, in its discretion, that fundamental fairness and the interests of justice warrant granting the motion for reconsideration for several reasons:
• First, the Court notes that Appellee did attempt to appeal the Summary Judgment Order. This appeal was denied due to the procedural deficiency arising from being received in full at 5:15 p.m., 45 minutes after the proscribed 4:30 p.m. deadline on April 25, 2013. Order Denying Appeal (Interlocutory Appeal), SU 13-03 (HCN S.Ct., May 15, 2013) at 2.
• Second, the Court’s reading of the Notice of Appeal may have required more precision than necessary which may constitute a technical oversight.
• Third, this case presents complex legal issues of first impression whereby the Court is insistent that fundamental fairness and the need for extreme clarity warrant the ability of each party to appeal insofar as they have asserted a timely attempt following the final judgment of the Trial Court. Here, the Court will accept the argument provided by Appellee, despite any perceived issues of imprecision. The timing of the Notice of Appeal, reference to the final judgment in the “Procedural History” along with listed date of the final judgment, and inclusion of the final judgment was Exhibit B persuade the Court that it is “highly probable” that Appellee’s attempted appeal of the final judgment. Order (Denying Mot. for Reconsideration), SU00-14, (HCN S.Ct., Mar. 12, 2001) at 1. Such appeal was timely and met the other requirements set forth by Rule 11(b) of the Ho-Chunk Rules of Appellate Procedure.
As such, the Court hereby GRANTS Appellee’s Motion for Reconsideration. With respect to the Notice of Appeal filed by Appellee Ho-Chunk Nation on October 9, 2013, the Court hereby ORDERS:
(1) This matter is accepted for appeal
(2) The parties will address the additional issues in the Appellee’s Reply Brief and the Appellant’s will address the issues in their Response Brief within the timelines allowed for under Ho-Chunk Rules of Appellate Procedure, Rule 15.
(3) Oral argument in this case is rescheduled for Saturday, April 19 at 10 am to account for the briefing scheduled required under Rule 15.

Full Briefing Regarding Ability to Appeal Settlement Agreement Required By Both Parties

Furthermore, this case presents complex issues of first impression. The Court specifically requests FULL BRIEFING by BOTH parties regarding the impact of the settlement agreement as it relates to the ability to appeal, including, but not limited to:
• The reasons for appeal of the settlement agreement;
• The basis of the appeal;
• Specific legal support in the laws of the Ho-Chunk Nation regarding the ability to appeal a settlement agreement
EGI HESKEKJET.

. The Ho-Chunk Rules of Appellate Procedure do not have a rule governing re-issuance and thus, the Court finds guidance from HCN R. Civ, P. Rule 55(d) which states:
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.

. Ho-Chunk Nation filed an appeal one day after Notice of Appeal was filed by Money Center of America, Inc., and MCA of Wisconsin, Inc. and is determined the Appellee for purposes of this appeal. Under Ho-Chunk Nation Rules of Appellate Procedure, Rule 7(b)2, "the party taking the appeal shall be referred to as the Appellant; all other parties shall be referred to as Appellees." Further, the Federal Rule of Appellate Procedure state that ‘‘[t]he party who files a notice of appeal first is the appellant” for purposes of cross-appeals. Fed. R.App. P. 28.1(b).

. Appellee's Notice of Appeal states “[o]n September 9, 2013, the parties entered into a Stipulation for the Entry of Judgment (the "Stipulation”), and on the same day, the Trial Court entered Judgment in accordance with the Stipulation, The Trial Court’s Judgment noted that the parties retain the "right to appeal the Stipulated Judgment and to seek review of all otherwise reviewable orders, decisions and rulings in this proceeding including without limitation the Summary Judgment Order .,. and pretrial orders." CV 10-54 (HCN Tr. Ct. Sept. 9, 2013), The Nation timely files this Notice of Appeal within 60 days of the Judgment. Attached please find a true and correct copy of the Judgment is attached [st'c ] hereto as Exhibit B.” Appel-lee's Notice of Appeal, 2013). SU 13-07 (Oct. 9,

. Appellant’s Notice of Appeal in the instant case states "The Ho-Chunk Rules of Appellate Procedure provide that an appeal from an final order or judgment must be filed within sixty days. See Ho-Chunk R.App, P. 7(b)(1). On September 9, 2013, the trial court entered the final judgment in favor of Plaintiff Ho-Chunk Nation ("the Nation”). MCA has submitted its filing on October 7, 2013 within the 60 day window provided in Rule 7 and the 30 day window provided by the Judgment.” Defendant's Notice of Appeal at page 1.